## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| In Re: | ) Case No.: 12-49544 |
| | ) |
| JULIE MAIME STRONG, | ) |
| | ) |
| Debtor. | ) JUDGE: Jack B. Schmetterer |
| | ) |
| JULIE MAIME STRONG, | ) |
| | ) |
| Plaintiff | ) ADV. NO. 13-00342 |
| v. | ) |
| | ) JUDGE: Jack B. Schmetterer |
| Neighborhood Lending Service, | ) |
| | ) |
| Defendant. | ) |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Pursuant to a Default Order and because the allegations in the Complaint have been taken as confessed against Defendant Neighborhood Lending Service (hereinafter, NLS), the following findings of fact and conclusions of law are made and will be entered:

1. Plaintiff filed a petition for relief under Chapter 13 of the United States Code (the "Bankruptcy Code") on December 18, 2012.

2. Defendant NLS is a lending institution having a mailing address of 1 Corporate Center Drive, Suite 360, Lake Zurich, IL 60074.

3. This adversary proceeding arises under sections 502 and 506 of the Bankruptcy Code.

4. This Court has jurisdiction under 28 U.S.C. 1334.

5.     Plaintiff JULIE MAIME STRONG is the owner of real estate located at 5222 S. Michigan Avenue, Unit 1, located in the City of Chicago, State of Illinois, County of Cook, PIN: 20-10-301-077-1001 (hereinafter referred to as the "Subject Property").

6.     The Subject Property is Plaintiff's primary residence.

7.     The fair market value of the Subject Property is $107,000.00.

8.     A first mortgage lien is currently held by JPMorgan Chase Bank, NA, in the amount of approximately $234,153.00, according to a credit report pulled on June 4, 2012.

9.     Defendant's second mortgage is in the amount of $50,873.48, according to their proof of claim filed on February 6, 2013.

10.    Under 11 U.S.C. §§ 506(a) and Ch 13 of the Bankruptcy Code Defendant's junior mortgage would be allowed a secured claim to the extent of the value of the estate's interest in the property securing the claim and Defendant's lien is void to the extent it is not allowed a secured claim.

11.    The amount owed on the first mortgage, approximately $234,000.00, exceeds the value of the above real estate, $107,000.00.

12.    Due to the junior mortgage lien, which is held by Defendant, being wholly unsecured, it should not be allowed as a secured claim, and the mortgage may be avoided and stripped off the Subject Property upon completion of the underlying Chapter 13 Plan. See In re Pence, 905 F.2d 1107 (7th Cir. 1990); Holloway v. U.S., 2001 WL 1249053 (N.D.Ill. Oct. 16, 2001); In re Waters, 276 B.R. 879 (N.D.Ill. 2002); In Re McDonald, 205 F.3d 606 (3rd Cir. 2000); In re Bartee, 212 F.3d 277 (5th Cir. 2000); In re Lane, 280 F.3d 663 (6th Cir. 2002); In re Zimmer, 313 F.3d 1220 (9th Cir. 2002); In re Tannter, 217 F.3d 1357 (11th Cir. 2000); In re Mann, 249 B.R. 831 (1st Cir. BAP 2000); In re Pond, 252 F.3d 1222 (2nd Cir. 2001).

WHEREFORE, for the foregoing reasons, a judgment of default shall be entered in favor of Plaintiff and against Defendant Neighborhood Lending Service stripping the Defendant's second mortgage on the Plaintiff's real estate located at 5222 S. Michigan Ave., Unit 1, Chicago, IL 60615.

Dated: 7/23/13

ENTERED:

_____
U.S. Bankruptcy Judge

JUL 2 3 2013

Deadra Woods Stokes #6231406
Deadra Woods Stokes & Associates, PC
4747 West Lincoln Mall Drive
Suite 410
Matteson, IL 60443
708-283-5900